IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00686-M

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br>       Plaintiff,<br><br>v.<br><br>KATHLEEN CULL and KRISTA MOSLEY, *as parent and guardian of K.C., a minor*,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on Defendant Krista Mosley's, as parent and guardian of K.C., a minor, ("Mosley") Motion to Set Aside Entry of Default [DE-21] entered against her after her failure to respond to Plaintiff State Farm Life Insurance Company's ("State Farm") Interpleader Complaint. Broadly, the Interpleader Complaint [DE-1] seeks to determine which of two adverse claimants is entitled to the proceeds of a State Farm life insurance policy. State Farm did not provide a written response to the instant motion. After careful consideration of the motion, the record, and applicable authority, the motion will be allowed.

A decision to set aside an entry of default "lies largely within the discretion of the trial judge and [the court's] action is not lightly to be disturbed by an appellate court." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (citation omitted). Moreover, the law generally, and the Fourth Circuit particularly, disfavors disposition by default and accords preference to resolving a case on its merits. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). Pursuant to the Federal Rules of Civil Procedure, a "court may set aside an

entry of default for good cause." Fed. R. Civ. P. 55(c). When ruling on a Rule-55(c) motion, a court considers the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204-05.

The court considered the *Payne* factors and finds that four of the six weigh in favor of granting the motion. The first *Payne* factor, whether there is a meritorious defense, weighs in favor of granting the motion. Mosley filed an Answer [DE-20] asserting, on behalf of her minor child, entitlement to the proceeds of her ex-husband's life insurance policy pursuant to a Judgment of Absolute Divorce that incorporated a Separation and Property Settlement Agreement, which in turn includes a provision whereby the former spouses agreed that their minor child would be listed as the beneficiary of any life insurance policy. DE-20 at 2-3.[1] While the court, at this early stage of litigation, is not making any definitive rulings, Mosley's contention appears meritorious. The court finds that the second and third *Payne* factors weigh against granting the motion. Mosley herself was the cause of the delay, as she did not retain counsel until after the Clerk's entry of default in early March 2021, and the instant motion was not filed until approximately two months after that. DE-22 at 2, 4. However, Mosley has since demonstrated her involvement and willingness to defend this case by answering the complaint [DE-20]. The fourth factor, prejudice to the nonmoving party, weighs in favor of granting the motion. While the dilatory action has certainly prevented discovery from proceeding apace, "delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Furthermore, State Farm did not respond to the instant motion or otherwise articulate any prejudice it would face if the motion were

---

[1] Page references are to the page numbers assigned by the CM/ECF electronic docketing system.

granted. The fifth factor, whether there is a history of dilatory action, weighs in favor of granting the motion, because this is the first instance of dilatory action on Mosley's part. Finally, the sixth factor, the availability of sanctions less drastic than the entry of default, weighs in favor of granting the motion. While neither party has suggested alternative sanctions in this case, sanctions are available for failures to obey a scheduling or other pretrial order, see Fed. R. Civ. P. 16(f)(1)(C), for discovery violations, see Fed. R. Civ. P. 37, and for bad-faith conduct that offends the legal process, see *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 620 (E.D. Va. 2008) (discussing the court's inherent power to impose sanctions). Sanctions less drastic than default will be available throughout this litigation if Mosley continues untimely responses and fails to obey court orders.

In light of the Fourth Circuit's strong policy of deciding cases on the merits and the *Payne* factors discussed above, the court finds good cause to set aside the entry of default against Mosley. The court, in its discretion, GRANTS Mosley's Motion to Set Aside Entry of Default [DE-21].

SO ORDERED this the 16th day of June, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3