IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00686-M

STATE FARM LIFE INSURANCE )
COMPANY, )
                  Plaintiff, )
                   )
v. )          **ORDER**
                   )
KATHLEEN CULL and KRISTA )
MOSLEY, *as parent and guardian of K.C.,* )
*a minor*, )
                  Defendants. )

This matter was commenced by Interpleader Complaint [DE-1] to determine which of two adverse claimants is entitled to the proceeds of a State Farm life insurance policy. This matter is before the court on the Plaintiff State Farm Life Insurance Company ("State Farm") and Defendant Krista Mosley's, as parent and guardian of K.C., a minor, ("Defendant Mosley") Consent Motion for Discharge, Permanent Injunction, and Attorneys' Fees and Costs [DE-24].

State Farm issued policy number LF-2587-6753 on November 5, 2008 (the "Policy"), which insured the life of Erick J. Cull (the "Insured"). Compl. ¶ 11, DE-1. The Insured passed away on July 29, 2020. *Id.* ¶ 20. Accordingly, the beneficiary or beneficiaries of the Policy became entitled to payment from State Farm. *Id.* ¶ 21. At the time of the Insured's application for the Policy, completed on October 28, 2008, the Insured designated Kathleen Cull ("Defendant Cull") as the primary beneficiary. *Id.* ¶ 12. Upon State Farm's information and belief, Defendant Cull is the Insured's mother. *Id.* The Insured also designated Steve Cull and Trevor Cull as the successor beneficiaries of the Policy. *Id.* ¶ 13. Upon State Farm's information and belief, Steve Cull and Trevor Cull are the Insured's siblings. *Id.* Upon State Farm's information and belief, the Insured and Defendant Mosley were married on August 14, 2010 of which one minor child, K.C., was

born. *Id.* ¶¶ 14-15. Upon State Farm's information and belief, the Insured and Defendant Mosley divorced on September 20, 2017. *Id.* ¶ 16. The Insured and Defendant Mosley's Judgment of Absolute Divorce, entered on September 20, 2017, approved and incorporated the parties' Separation Agreement and Property Settlement (the "Separation Agreement"). *Id.* ¶ 17. Pursuant to the Separation Agreement, the Insured was to designate K.C. as his beneficiary on all life insurance policies. *Id.* ¶ 17. The Separation Agreement does not contain any reference to the Policy and State Farm was not a party to the Separation Agreement. *Id.* ¶ 18. The Insured did not make any changes to his designation of beneficiaries in the Policy. *Id.* ¶ 19. State Farm was notified of the Insured's death on or about July 30, 2020. *Id.* ¶ 22. On or about July 31, 2020, Defendant Mosley made a claim of entitlement to the proceeds of the policy on behalf of K.C., pursuant to the Separation Agreement. *Id.* ¶ 23. Defendant Cull also made a claim of entitlement to the proceeds of the policy. *Id.* ¶ 25. On or about September 18, 2020, State Farm sent correspondence to both Defendant Cull and Defendant Mosley, asking that the parties reach an agreement as to the claim for the proceeds of the Policy. *Id.* Upon State Farm's information and belief, Defendant Cull and Defendant Mosley have been unable to reach an agreement. *Id.* ¶ 26. Upon State Farm's information and belief, Defendant Cull and Defendant Mosley are of diverse citizenship. *Id.* ¶¶ 2-3, 5. State Farm cannot determine the proper beneficiary or beneficiaries of the Policy proceeds without the risk and genuine fear of exposing itself to multiple liability. *Id.* ¶¶ 29, 34.

As a result, on December 18, 2020, State Farm filed its interpleader complaint, pursuant to Title 28, United States Code, Section 1335, to obtain an equitable and conclusive distribution of the Policy proceeds [DE-1]. On that same date, State Farm filed its Motion to Deposit Funds [DE-4]. The court granted State Farm's motion on January 5, 2021, allowing State Farm to deposit the

Policy proceeds with the registry of the court [DE-11]. On or about January 7, 2021, State Farm deposited said funds in the total amount of $52,699.05 with the registry of the court. DE-25 at 3.

To date, Defendant Cull has failed to appear, plead, or otherwise defend the above-captioned matter and the Clerk of Court entered default against her [DE-18]. Presently, State Farm and Defendant Mosley, by consent motion [DE-24], seek to discharge State Farm from any and all liability in this matter, dismiss with prejudice State Farm from this interpleader action, permanently enjoin Defendant Cull, Defendant Mosley, and any defendant that may be later joined in this action from commencing any claim or action against State Farm, in state or federal court, on the insurance policy and benefits at issue in this action, and award State Farm $2,500 for attorneys' fees and costs incurred in this action.

Under certain conditions, federal law confers jurisdiction on this court to hear "any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society . . . having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more." 28 U.S.C. § 1335(a). Those conditions are: "(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court . . . ." *Id.* Statutory interpleader affords "broad equitable relief, first to relieve a stakeholder without interest from present litigation, and secondly, to relieve such a one from future litigation by adjudicating the claims of all parties in one suit." *Metro. Life Ins. Co. v. Mason*, 98 F.2d 668,

669 (3d Cir. 1938). Thus, "[i]nterpleader under Sec. 1335 should be permitted liberally to relieve parties of the hazards and vexations of conflicting claims, and the act should be construed and applied liberally." *Douglas-Guardian Warehouse Corp. v. Ramy Seed Co.*, 271 F.2d 24, 28 (8th Cir. 1959) (citations omitted).

Here, the jurisdictional requirements for statutory interpleader are met. Defendant Cull and Defendant Mosley are adverse claimants, each seeking entitlement to the proceeds of a single life insurance policy. DE-1 ¶ 25. Defendant Cull is presumably a citizen of Nevada, *id.* ¶ 2, while Defendant Mosley is a citizen of North Carolina, *id.* ¶ 3—making the two citizens of different states, *see* 28 U.S.C. § 1332(a), (d). Finally, State Farm has deposited the Policy proceeds with the registry of the court and this sum has a value greater than $500. DE-11; DE-25 at 3; 28 U.S.C. § 1335(a).

In any action brought under Section 1335, the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361.

> When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises. Indeed, at this stage of the litigation the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him.

*Francis I. du Pont & Co. v. Sheen*, 324 F.2d 3, 5 (3d Cir. 1963). A permanent injunction furthers the purposes of interpleader by relieving plaintiff of "fear of vexatious conflicting claims." *See Kelly v. Raese*, 377 F.2d 263, 266 (4th Cir. 1967).

State Farm has fulfilled its obligations under the disputed Policy. Defendant Mosley joins in State Farm's requests for discharge and permanent injunction. Defendant Cull has been afforded an opportunity to be heard but has failed to appear, plead, or otherwise defend this matter.

4

Regarding attorneys' fees and costs, "[i]t is settled that a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so." *Sun Life Assurance Co. of Canada v. Sampson*, 556 F.3d 6, 8 (1st Cir. 2009) (citations omitted). Factors that guide the court's determination are "whether the opposing party has acted in bad faith, whether the interpleader is disinterested in the litigation, whether interpleader []seeks to improperly transfer an ordinary cost of doing business to the claimants, and whether attorney's fees and costs would seriously deplete the fund deposited in court . . . ." *State Farm Life Ins. Co. v. Littleton*, No. 7:20-CV-36-FL, 2020 WL 4432381, at *3 (E.D.N.C. July 31, 2020) (citations omitted).

In *Littleton*, interpleader plaintiff paid to the court registry $50,015.48, representing the face amount of the policy plus interest, and requested payment from the fund of its attorneys' fees of $7,384 and costs of $514.95, totaling $7,898.95. *Id.* at *1, *3. Finding it inequitable to award the full amount of fees and costs in light of the small amount of insurance proceeds and uncomplicated nature of the dispute, the court allowed the recoupment of requested costs plus a reduced amount of $2,985.05 in attorneys' fees, totaling $3,500. *Id.*

Here, the court has considered the factors outlined above and finds that none weigh in favor of denying the request. State Farm is requesting a payment of $2,500—though it incurred a total of $4,377.54 in attorneys' fees (for 20.1 attorney-working hours and 4.6 paralegal-working hours) and costs related to this matter, Martineau Aff., DE-25-1—which is a small portion of and would not seriously deplete the $52,699.05 in dispute. State Farm has presented competent evidence that the fees it incurred are reasonable, there is no assertion of bad faith, and State Farm is disinterested in the outcome of the dispute between Defendant Cull and Defendant Mosley. Defendant Mosley

5

joins in State Farm's request for attorneys' fees and costs. Defendant Cull has been afforded an opportunity to be heard but has failed to appear, plead, or otherwise defend this matter.

Based on the foregoing, the Consent Motion for Discharge, Permanent Injunction, and Attorneys' Fees and Costs [DE-24] is GRANTED. State Farm is DISCHARGED from any liability in this action and DISMISSED WITH PREJUDICE. The court ENJOINS Defendant Cull, Defendant Mosely, and any future parties that may be added to this action from initiating or prosecuting any claim or action against State Farm on account of or pertaining to term life insurance policy number LF-2587-6753 or its proceeds. Finally, State Farm is awarded $2,500 for attorneys' fees and costs. The clerk is DIRECTED to pay from the amount previously deposited in the court's registry in this case the sum of $2,500.00 to the order of Martineau King, PLLC for the benefit of State Farm.

SO ORDERED this the 9th day of July, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE